Zhu v. Sessions

BIA
Cheng, IJ
A200 930 260

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand seventeen.

PRESENT:
>        GUIDO CALABRESI,
>        ROBERT D, SACK,
>        DEBRA ANN LIVINGSTON,
>             *Circuit Judges.*

_____

XUE HUA ZHU,
>        *Petitioner,*

>        v.                                    16-1679
                                               NAC
JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Gerald Karikari, New York, NY.

FOR RESPONDENT:            Joyce R. Branda, Acting Assistant
                           Attorney General; Bernard A. Joseph,
                           Senior Litigation Counsel; Jason
                           Wisecup, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Hua Zhu, a native and citizen of the People's Republic of China, seeks review of an April 29, 2016, decision of the BIA, affirming a November 25, 2014, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Hua Zhu,* No. A200 930 260 (B.I.A. Apr. 29, 2016), *aff'g* No. A200 930 260 (Immig. Ct. N.Y. City Nov. 25, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Zhu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding an applicant's "demeanor, candor, or responsiveness," and on inconsistencies

2

in an applicant's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably relied on the following inconsistencies to render an adverse credibility determination. Zhu testified inconsistently concerning the date of her arrest—an event central to her claim of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding."). And the agency was not compelled to credit her explanation of nervousness given that this was the sole basis for her claim of past persecution. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his

3

testimony." (internal quotation marks omitted)).

The adverse credibility determination is further bolstered by inconsistencies concerning Zhu's attendance at a registered government church in China: she gave three different dates for when she stopped attending. *See Xiu Xia Lin*, 534 F.3d at 167. The church certificate listing her as a member of that church as of 2010 did not resolve the inconsistency. *See Majidi*, 430 F.3d at 80.

Zhu was also inconsistent about her church attendance in the United States. A letter from the church confirmed her attendance on Wednesdays, but Zhu testified that she regularly attended on Mondays. The agency was not compelled to credit Zhu's explanations that she picked the letter up on a Wednesday and that she occasionally attended church on Wednesdays. *Id.* Zhu's dismissal of this inconsistency as trivial is misplaced. The agency may rely on any inconsistency and this one goes to her practice of Christianity, which is central to her fear of religious persecution. *See* 8 U.S.C. § 1101(a)(42); *see Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 295.

The agency also reasonably relied on an inconsistency concerning a hotel receipt. Zhu's testimony conflicted with the receipt and, given her repeated emphasis that it was a weekend stay, the agency was not compelled to credit her

4

explanation that she made a mistake.  *See Majidi*, 430 F.3d at 80.  Contrary to Zhu's position, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination," where, as here, "the 'totality of the circumstances' establishes that an asylum applicant is not credible."  *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we defer, particularly where, as here, the record reflects Zhu's difficulty answering questions about her arrest.  *Majidi*, 430 F.3d at 81 n.1; *cf. Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").  Zhu now suggests that this evasiveness was a product of the interpretation, alleging that her best dialect is Foo Chow, but the hearing was in Mandarin.  This argument is not properly before us because Zhu did not raise it before the IJ or BIA, *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123-25 (2d Cir. 2007), and the transcript does not reflect interpretation difficulty.

Finally, the agency did not err in determining that Zhu's

5

evidence did not rehabilitate her testimony about either her past harm or her practice of Christianity. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate [her] . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The fine receipt from China lists Zhu as the payer, but Zhu testified that her father paid the fine. And Zhu's pastors did not testify and thus could not resolve the inconsistency relating to her church attendance in the United States. Finally, Zhu mischaracterizes what transpired at the hearing regarding a witness. Her counsel withdrew the witness, who appears to have been offered only to corroborate Zhu's entry into the United States—a point not at issue—because the witness had not provided a necessary waiver.

Given the multiple inconsistencies, the demeanor finding, and the lack of rehabilitative corroborating evidence, the totality of the circumstances supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk